UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-26(25) (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER DENYING DEFENDANT'S MOTION FOR REDUCED SENTENCE** |
| JESUS THOMAS ALI | |
| Defendant. | |

Andrew Winter, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for plaintiff.

Jesus Thomas Ali, Reg. No. 16582-041, United States Penitentiary Beaumont, P.O. Box 26030, Beaumont, TX 77720, *pro se* defendant.

Petitioner Jesus Thomas Ali pleaded guilty to conspiracy to participate in racketeering activities in December 2012 and was sentenced in June 2013. On July 23, 2020, Ali filed a motion for a reduced sentence in accordance with Section 404 of the First Step Act of 2018. Section 404 of the First Step Act allows the Court to reduce the sentence of a defendant convicted before August 3, 2010 of certain crack cocaine offenses. Because Ali was convicted in 2013 of a racketeering offense, after 2010 and not for a crack cocaine offense, the Court must deny Ali's motion for a sentence reduction.

1

**BACKGROUND**

From the 1990s to the time of the guilty plea, Ali admitted to engaging in a criminal conspiracy, involving the Native Mob gang, the object of which was to "participate in the enterprise's affairs through a pattern of racketeering activity." (Plea Agreement ¶ 2.a., Dec. 11, 2012, Docket No. 852)  Ali engaged in acts of racketeering, including controlled substance distribution, from 2007 to the time of the indictment in July 2012.  (*Id.* ¶ 2.h.)  Ali plead guilty to conspiracy to participate in racketeering activities in violation of 18 U.S.C. § 1962(d).  (*Id.* ¶ 1.)  In 2013, Ali was sentenced to 109 months in prison followed by three years of supervised release.  (Sentencing J. at 2–3, June 24, 2013, Docket No. 1286.)

Ali now seeks a reduction in his sentence under Section 404 of the First Step Act.  (Mot. to Reduce Sentence at 1, July 28, 2020, Docket No. 2024.)  The First Step Act allows the Court to reduce sentences for certain offenses involving crack cocaine committed before August 3, 2010.  Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The United States opposes the motion because Ali's crime did not involve the statutory penalties for crack cocaine and Ali was convicted and sentenced after August 3, 2010.  (Gov't's Mem. in Opposition at 1, May 24, 2021, Docket No. 2124.)

**DISCUSSION**

As a general rule, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One exception to this rule is when a sentence modification

is "expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B).  Section 404 of the First Step Act expressly allows a reduction in sentences imposed for certain offenses.  First Step Act §§ 404(a)–(b).  The Court may only reduce a sentence, however, if it fits within Section 404's strict contours.  *See, e.g., United States v. Brown*, No. 02-101 (JRT), 2019 WL 4888675, at *2 (D. Minn. Oct. 3, 2019).

Section 404 is tied to a previous sentencing reform measure, the Fair Sentencing Act of 2010.  The Fair Sentencing Act of 2010 "increased the amount of crack cocaine needed to trigger certain statutory mandatory minimums."  *Brown*, 2019 WL 4888675, at *2 (citing Fair Sentencing Act of 2010, PL 111-220, Aug. 3, 2010, 124 Stat. 2372).  The Fair Sentencing Act initially did not apply retroactively.  *See United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011).  While defendants sentenced for specific crack cocaine offenses after the passage of the Fair Sentencing Act were subject to shorter terms of imprisonment, defendants sentenced for those same crimes before the Act's passage were not entitled to a reduction in their sentence.

Section 404 of the First Step Act remedies this discrepancy and allows the Court to apply the Fair Sentencing Act retroactively, but only if a defendant was convicted of a "covered offense."  First Step Act § 404(b). The First Step Act defines a "covered offense" as an offense (1) whose penalty was modified by Fair Sentencing Act and (2) that was committed before the passage of the Fair Sentencing Act on August 3, 2010.  *Id*. § 404(a).  The Fair Sentencing Act only modified crimes under 21 U.S.C. §§ 841, 844, & 1010, all

crimes related to crack cocaine. In short, for Section 404 of the First Step Act to be applicable, a defendant must have committed a specific offense involving crack cocaine before August 3, 2010.

Ali was sentenced for conspiracy to participate in racketeering activities under 18 U.S.C. § 1962(b), not for a covered offense under the Fair Sentencing Act. Furthermore, Ali was convicted and sentenced after August 3, 2010, so Section 404 cannot apply to him. Ali's crime does not qualify for a reduced sentence under the First Step Act. Accordingly, the Court must deny his motion.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Jesus Thomas Ali's Motion for Sentence Reduction [Docket No. 2024] is **DENIED**.

DATED: October 7, 2021  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
United States District Judge